Case No. 25-3541

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Jul 21, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| ELIZABETH WILSON KOEBERER, Beneficiary of the Elizabeth W. Koeberger (sic) Trust,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ROBERT E. WEIR, et al.,<br><br>Defendants-Appellees. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

# SHOW CAUSE ORDER

Before: MOORE, NALBANDIAN, and MATHIS, Circuit Judges.

**THIS MATTER** comes before the court sua sponte. This case is an appeal that arises from a lawsuit filed by Plaintiff-Appellant Elizabeth Wilson Koeberer about the handling of the financial assets of her trust and related probate proceedings.

We have concerns about some of the authorities Koeberer cites in her briefing. Some examples of the problematic citations are described below.

At page 13 of her opening brief, Koeberer cites "*Jensen v. Wachovia Bank N.A.*, 2009 WL 10670553, at *5 (D. Colo. Dec. 7, 2009)," but the decision at 2009 WL 10670553 is a Central District of California order granting preliminary approval of a class action settlement. *See White v. Experian Info. Sols., Inc.*, No. SACV05-1070, 2009 WL 10670553, at *1 (C.D. Cal. May 7, 2009). Koeberer also cites "*Johnson v. Wells Fargo Bank, N.A.*, 202 F. Supp. 3d 870, 882 (D. Minn. 2016)," at page 16 of the brief, but the decision reported at 202 F. Supp. 3d 870 is a Central

District of Illinois order resolving the parties' summary-judgment motions in a Clean Air Act case. *Nat. Res. Def. Council v. Ill. Power Res., LLC*, 202 F. Supp. 3d 859, 863 (C.D. Ill. 2016). A PACER search of the District of Minnesota docket reveals one case by this name from 2012, and it addressed foreclosure-related matters.

We also have concerns about some of the representations in Koeberer's briefing. Several cases that Koeberer cites do not stand for the propositions that she asserts. For example, at page 14 of her opening brief, Koeberer states that in *In re Agape Litigation*, 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010), the district court denied the defendants' motions to dismiss where the banks purportedly ignored red-flag transactions that should have triggered reporting under the Bank Secrecy Act. But there, the district court granted the defendants' motions to dismiss, finding that the plaintiffs failed to allege a cognizable legal duty that would support their negligence claim based on purported Bank Secrecy Act violations. *See In re Agape*, 681 F. Supp. 2d at 360–61, 371. And at page 21 of her opening brief, Koeberer claims that the district court in *Brooks v. Peoples Bank*, 732 F. Supp. 3d 765, 781 (S.D. Ohio 2024), recognized that a consumer could assert claims based on a bank's failure to comply with National Automated Clearing House Association (NACHA) rules. But this case never mentions NACHA or its rules. *See generally Brooks*, 732 F. Supp. 3d at 772–83.

Additionally, at page 6 of her reply brief, Koeberer cites *Kubala v. Smith*, 984 F.3d 1132, 1138 (6th Cir. 2021), for the proposition that fairness demands that the district court retain jurisdiction over her state-law claims to prevent her from having to refile the complaint in state court and risk the statute of limitations barring her claims. But in *Kubala*, we reversed the district court's exercise of supplemental jurisdiction, and the opinion makes no mention of fairness or its effect on refiling a complaint in state court. *See* 984 F.3d at 1138–39. Similarly, at page 7 of her

reply brief, Koeberer cites *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007), as holding that supplemental jurisdiction is favored when federal claims are pending. But *Gentek* does not support this proposition. Instead, the question before us was whether the plaintiff waived any challenge to the defendant's removal of the case to federal court. *See Gentek*, 491 F.3d at 328–29.

Last, purported quotations from various cases that Koeberer cites in her briefing do not exist. For example, at page 18 of her opening brief, Koeberer quotes *Queen City Terminals, Inc. v. General American Transportation Corporation*, 653 N.E.2d 661, 668 (Ohio 1995). But the quote does not actually appear in this case. Likewise, at page 28 of her opening brief, she includes a non-existent quote from *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

We thus have cause to believe that sanctions may be warranted under the Federal Rules of Appellate Procedure, our inherent authority, and any other source of disciplinary or sanctioning power. *See* Fed. R. App. P. 38; *Whiting v. City of Athens*, 170 F.4th 455, 459–464 (6th Cir. 2026).

**NOW THEREFORE,**

1. Susan Anne Wasserman is **ORDERED TO SHOW CAUSE** why she should not be sanctioned and/or disciplined for the conduct described in this order.

2. A brief of no more than 5,000 words is due within two weeks after the issuance of this order.

3. Any other party wishing to submit a brief may submit a brief of no more than 5,000 words within two weeks after Wasserman submits her responsive brief.

4. There will be no reply brief.

5. Wasserman must provide the Westlaw or LexisNexis printouts of each authority cited across all briefs she has filed in this appeal. If Wasserman has quoted from an authority, she must highlight the quoted language in each authority. If there are any discrepancies, Wasserman must discuss those discrepancies in her responsive briefing.

6. Together with any arguments or factual submissions that she believes warrants our consideration, Wasserman must explain: (1) who wrote the briefing in each case, (2) whether any of the briefs were ghostwritten in whole or in part, (3) whether generative AI was used in the drafting of these briefs, and (4) the processes that were used to cite-check each brief.

**ENTERED BY ORDER OF THE COURT**

Kelly L. Stephens

Kelly L. Stephens, Clerk